Nancy W. Schwinn, Plaintiff-Appellee, v. The Northern Trust Company, a Corporation, Individually and as Trustee; and David Waller Dangler, Individually and as Trustee, Defendants-Appellants.

Gen. No. 51,069.

First District, First Division.
September 19, 1966.
Rehearing denied October 18, 1966.

Spray, Price, Hough & Cushman, of Chicago (Robert C. Keck, Winfield T. Durbin, James T. Otis and A. Carter Howard, Jr., of counsel), for appellants.

Kalcheim & Kalcheim, Henry A. Kalcheim and Bernard Hammer, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiff, Nancy W. Schwinn, brought this suit in July of 1965 for an accounting and for other relief against the trustees named under a trust agreement executed by her former husband, Frank V. Schwinn, in January of 1965. In their answer, defendants raised as an affirmative defense the contention that Schwinn had validly revoked the trust on March 8, 1965, and moved to dismiss the complaint. In her reply, plaintiff contended that under the terms of the trust agreement the power to revoke could only be exercised jointly by Schwinn and by plaintiff, and that his purported revocation without her consent was not valid. After memoranda of law were submitted by both sides and after hearing argument of counsel, the trial judge found as a matter of construction of the trust instrument that revocation could only be accomplished jointly by Schwinn and by plaintiff. Accordingly, he denied defendants' motion to dismiss the complaint, and referred the case to a master for an accounting. He also appended the finding, "That there is no just reason for delaying enforcement or appeal of this court's order of November 4, 1965, denying defendants' motion to dismiss, pursuant to section 50 (2) of the Civil Practice Act." Defendants have appealed.

██ ██ Before reaching the dispute as to the proper construction of the trust agreement, we must consider plaintiff's contention that the trial court's order was not

89

final and appealable, and that therefore this appeal should be dismissed. Plaintiff contends, and we agree, that an order which merely disposes of one of the issues in an action involving a single claim is interlocutory and not appealable; and that section 50(2) of the Civil Practice Act does not apply to such an order. Davis v. Childers, 33 Ill2d 297, 211 NE2d 364. We feel, however, that since the order in this case disposed of the only issue present in the case, it was therefore a final and appealable order. In Barnhart v. Barnhart, 415 Ill 303, 114 NE2d 378, our Supreme Court held:

> The decree of the circuit court settles and determines the ultimate rights of the parties to the corpus of the trust and is, therefore, upon the above authority [Moore v. Moyle, 405 Ill 555, 92 NE2d 81] a final and appealable order. The remedy by way of an accounting is a mere incident which flows from a right established by the decree. We, therefore, hold that this court has jurisdiction to entertain this appeal. (415 Ill at 309).

The order of the trial court in this case denying defendants' motion to dismiss and referring the case to a master resolved the only legal issue present in the case, establishing plaintiff's continuing interest in the trust and her right to an accounting. All that remained was the accounting itself, for which the case was referred to the master. Upon the above authority, we conclude that the order of the trial court was final and appealable.

The dispute between the parties in regard to the proper construction of the trust's provisions as to revocation turns upon the meanings to be attributed to two provisions in the trust instrument. The first, Section 1 of Article One of the instrument, reads in part as follows:

> For so long as I or my wife, Nancy Wilson Schwinn, are living the Trustee shall permit us, or the sur-

vivor, or any person or persons whom we or the survivor may designate, to use and enjoy any real estate together with all improvements and appurtenances, which may from time to time form a part of the Trust Estate, rent free. . . . In addition, the Trustee shall, upon the receipt of a written direction from my said wife and myself, or the survivor, dispose of any such real estate or any interest therein and/or shall purchase new or additional real estate or interest therein as so directed. It is my intention that while my said wife and I are both living we shall be joint beneficiaries hereunder and have *joint and equal rights, powers and privileges with regard to this agreement* and any property which may from time to time form a part of the Trust Estate; and upon the death of the first to die of my said wife and myself, the survivor shall be sole beneficiary hereunder and alone enjoy such rights, powers and privileges. (Emphasis supplied.)

The other pertinent provision is Section 7 of Article Two, which reads as follows:

I reserve the right at any time and from time to time, by instrument in writing delivered during my lifetime to the Trustee, to alter, amend or revoke this instrument, either in whole or in part. If my wife, Nancy Wilson Schwinn, survives me, then in that event and from and after the date of my death only, my said wife shall have the right at any time and from time to time, by instrument in writing delivered during her lifetime to the Trustee, to alter, amend or revoke this instrument, either in whole or in part. However, the powers, duties and responsibilities of the Trustee shall not be substantially changed without its consent. In case of revocation, the trust estate, or that part thereof as to which this instrument may be revoked, shall be conveyed by the Trustee to the party properly executing

the revocation or in accordance with that party's written directions.

■ Plaintiff contends that the language of Section 1 of Article One clearly indicates the settlor's intention to grant to himself and to plaintiff joint and equal rights, powers and privileges with respect to the trust agreement and that these rights, powers and privileges include the power to revoke. But we feel that this position cannot be sustained in light of the clear and unambiguous expression of the settlor's intention to the contrary contained in Section 7 of Article Two. The first sentence of that section unambiguously reserves the right to revoke to the settlor alone. The subsequent provision which directs the trustee, upon revocation, to convey the trust property to the "party" (not "parties") properly executing the revocation indicates that he contemplated revocation by one person, not by himself and plaintiff jointly. In view of the clear meaning of this section, we must construe the section upon which plaintiff relies as not delegating the power to revoke, but merely as an expression of settlor's intention to convey equal rights, powers and privileges as beneficiaries upon himself and plaintiff so long as the trust remained unrevoked. It follows that Schwinn's revocation of the trust agreement was valid, and that the trial court erred in denying defendants' motion to dismiss the complaint.

The order of the circuit court is therefore reversed and the cause remanded with directions to vacate the order referring the case to the master and to enter judgments in favor of the defendants.

Reversed and remanded with directions.

KLUCZYNSKI, P. J. and MURPHY, J., concur.