ANGELINE CALECA, Plaintiff-Appellant, *v.* MARIETTA CALECA *et al.*, Defendants-Appellees.

Third District   No. 78-25

Opinion filed August 30, 1978.

Elmo F. Petersen, of Petersen & Deck, and James P. Collins, both of Kankakee, for appellant.

Thomas A. Nutting, of Nutting, Thacker, Sacks & Paulauskis, and Eva L. Minor, both of Kankakee, for appellees.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

This appeal is from a decree denying a petition to set aside a deed which was executed by a trustee at the direction of the beneficiary of a land trust.

Plaintiff Angeline Caleca and her father Frank Caleca operated a tavern in Kankakee. Frank purchased a new location for the business in 1961, and title was placed in the City National Bank of Kankakee as trustee under land trust No. 1050. The trust deed conveyed both legal and equitable title to the trustee and granted the trustee full power and authority to deal with the property. At the same time Frank and plaintiff executed a trust agreement pertaining to trust No. 1050 and providing that Frank and plaintiff as beneficiaries would share the earnings and proceeds of the property; that the beneficiaries had neither legal nor equitable rights or

title to the real estate; that the beneficiaries' right in the earnings and proceeds be deemed personal property; that the trustee deal with the property only when authorized to do so by Frank or other beneficiaries; and that the beneficiaries manage and control the property. Frank's wife, who was Angeline's mother, died shortly after the property was purchased, and a year later Frank married defendant Marietta Caleca.

In 1963 when additional funds were needed to remodel the property, Marietta agreed to furnish the money on the condition that she have some security for her investment. Frank, plaintiff, and Marietta executed an amendment to the trust agreement which provided that Frank and Marietta would each be entitled to an undivided one-half interest in the premises; that in the event of the death of Frank, his share would vest in plaintiff; and in the event of the death of Marietta, her share would vest 70% in her daughter Barbara Spivey and 30% in Frank Caleca. The amendment also provided for the power to direct the trustee's dealings to be vested in Frank and Marietta or their successors in interest.

In 1964 Frank and plaintiff entered into a partnership agreement for the operation of the tavern and restaurant business. This agreement did not involve the real estate and stated that Frank had contributed all of the capital assets to the business. Under the terms of the partnership plaintiff was to receive $50 per week for being on duty and serving customers during the evening hours, and the net proceeds of the partnership were to be shared 95% to Frank and 5% to plaintiff.

Frank became ill in 1974, and the business, including the real estate, was sold under contract. As a part of the sale transaction, Frank and Marietta paid plaintiff $5,500 in consideration for her share of the city liquor license which had been issued in the name of Frank and plaintiff jointly. The buyer defaulted during 1975 and filed bankruptcy. In the meantime Frank underwent surgery on April 18, 1975, and was discovered to have terminal cancer. On April 25 Marietta went to his hospital room with several documents and obtained his signature on, *inter alia*, an instrument directing the trustee of trust No. 1050 to convey the real estate to defendant First Trust & Savings Bank of Kankakee as trustee under land trust No. 2137. A trust agreement executed by Frank and Marietta that same day created trust No. 2137 with provisions nearly identical to those of trust No. 1050 except that the beneficial interest of No. 2137 was in Frank and Marietta as joint tenants with right of survivorship and the power of direction was in Marietta alone. Sometime during the summer of 1975 Frank visited plaintiff's lawyer who explained the legal effect of the documents to him. Frank indicated that he had not understood what he was signing in the hospital, but at no time prior to his death in January of 1976 did Frank make any attempt to alter the trust arrangement.

After Frank's death Marietta claimed the entire beneficial interest of the

trust property as the surviving joint tenant. Plaintiff filed this action to set aside the deed of the trustee of trust No. 1050 which transferred title to the trustee of trust No. 2137. After a bench trial, a decree was entered in favor of Marietta, and plaintiff appeals.

■■ Plaintiff first contends that trust No. 1050, and the 1963 amendment thereto, constituted a contract which was binding on the parties, and that she is therefore entitled to enforce her vested right to one-half the trust property. When a deed of trust expressly vests the entire legal and equitable title to real property in the trustee, and the interest of the beneficiaries is declared to be personal property, a beneficiary such as plaintiff under trust No. 1050, has neither a legal nor an equitable interest in the land. (*Aronson v. Olsen* (1932), 348 Ill. 26, 180 N.E. 565; *In re Estate of McGaughey* (1st Dist. 1978), 60 Ill. App. 3d 150, 376 N.E.2d 259.) Also, when the settlor of a land trust retains the power to direct the acts of a trustee to the exclusion of a beneficiary, the settlor effectively retains the power to defeat the beneficiary's interest during his lifetime, and a beneficiary will not be held to have a present irrevocable interest unless she can show by clear and convincing evidence that the settlor had a donative intent to make an irrevocable *inter vivos* gift of the beneficial interest. (*Rudolph v. Gersten* (1st Dist. 1968), 100 Ill. App. 2d 253, 241 N.E.2d 600; *Schwinn v. Northern Trust Co.* (1st Dist. 1966), 75 Ill. App. 2d 88, 220 N.E.2d 867.) After carefully reviewing the record in the case before us, we find that plaintiff failed to carry the burden of proving that her interest in trust No. 1050 was vested and irrevocable. The original trust provision gave Frank an express power to direct the trustee, and the 1963 amendment gave that power to Frank and Marietta. Just as a testamentary disposition of property can be revoked or changed by the owner prior to death, so can the disposition of property placed in a land trust.

Plaintiff also argues that Frank and Marietta, as holders of the power of direction under the amendment to trust No. 1050, occupied a fiduciary relationship to plaintiff and could exercise that power only for the benefit of all the beneficiaries. Plaintiff reasons that a presumption of fraud arises when a fiduciary benefits from his dealing with the trust property, and therefore that Marietta had the burden of proving that no fraud occurred. This argument is predicated upon plaintiff's assertion on appeal that she paid value for her beneficial interest in the trust and that a fiduciary relationship was thereby created. (*Cf. Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 817; Kenoe, Land Trust Practice, par. 2.32 (Ill. Inst. Cont. Leg. Ed. 1974).) However, in her reply brief filed in this court, at page 2, plaintiff admits "that the record does not disclose whether Angeline paid anything for her interest in the trust or not * * *." In addition plaintiff testified at trial that her father bought the real estate

which subsequently became the trust *res*, and she placed in evidence the 1964 partnership agreement which did not list the real estate as one of capital assets of the business. We think it clear from the record that plaintiff failed to show the existence of a fiduciary relationship.

■■ Plaintiff's next argument is that Frank did not freely and voluntarily sign the documents on April 25, 1975, because he did not read the papers first and because there was no evidence that Marietta explained to him that plaintiff would be deprived of any interest in the property. In count II of her complaint, plaintiff alleged that Frank was "over-persuaded and unduly influenced" by Marietta. The issue raised here by plaintiff is whether the trial court's finding that no undue influence occurred was contrary to the manifest weight of the evidence. Marietta testified for plaintiff under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60), that before Frank was hospitalized he had consulted an attorney about changes in the trust arrangement, that plaintiff was excluded from the new trust because she was no longer in the tavern business, having quit in 1968, and that the property was transferred from one trust to another to protect the Calecas from the contract purchaser who was having financial problems. When Marietta, accompanied by a notary public, took the documents to Frank, he looked at the papers and said, "[I]f it is all right with you it will be all right with me." Then he signed, and lived for eight months thereafter without making any changes. The trial court obviously found Marietta's testimony to be credible, and we cannot say that the court erred.

■■ Plaintiff's final contention is that the trustee's deed conveying title from trust No. 1050 to trust No. 2137 was ineffective because the deed did not expressly grant trust powers to defendant Bank in the form usually employed in the creation of an Illinois land trust. (*E.g.*, Kenoe, Land Trust Practice, form 1, par. 2.3 (Ill. Inst. Cont. Leg. Ed. 1974).) However, we are aware of no requirement that a land trust deed must enumerate the powers of the trustee in a particular form. Here the April 28, 1975, deed purports to convey title to defendant Bank as trustee under trust No. 2137, dated April 25, 1978, but does not set out the powers of the trustee. The trust agreement for trust No. 2137 is in the usual form and specifies that the trustee will deal with the property only when authorized to do so by Marietta. Plaintiff cites no cases for her position, and we can see no reason to invalidate the April 28 trustee's deed. The form of conveyance used here may cause persons dealing with the trustee under trust No. 2137 to refer to the trust agreement to ascertain the trustee's authority to act since the deed does not indicate what powers are conferred thereby. Thus one purpose of the land trust arrangement, which is to avoid disclosure of the owner of the beneficial interest, may be defeated by the instruments employed, but that does not affect the validity of the deed. The trustee's

deed does purport to convey title to certain real estate to a trustee under an existing trust, and we believe that deed is proper.

For the reasons stated, we affirm the decree of the Circuit Court of Kankakee County.

Affirmed.

ALLOY and STOUDER, JJ., concur.