HARRY DORMAN *et al.*, Plaintiffs-Appellants, *v.* CENTRAL NATIONAL BANK IN CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-1820

Opinion filed June 11, 1981.

Gomberg, Schaps & Goldberg, of Chicago (Vincent F. Fitullo, of counsel), for appellants.

Katz, Karacic & Helmin, of Chicago (T. Gregory Mieczynski, of counsel), for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The primary issue raised by this appeal is whether, under the documents comprising a land trust agreement, the defendant Joseph Pedott has as a matter of law retained a power of direction in the land trust. On January 2, 1962, Pedott established a land trust by trust agreement which named the defendant Central National Bank in Chicago as trustee and Pedott as beneficiary. The trust property is improved real estate located in Chicago, Illinois. A printed clause contained in the trust agreement provides that the trustee will convey title to the real estate only when authorized to do so by Joseph Pedott or by "such person or persons as may be the beneficiary or beneficiaries at the time." On June 16, 1976, Pedott conveyed his beneficial interest by assignment to the plaintiffs, Harry Dorman and Selma Dorman. Pedott and the Dormans executed an acceptance of the assignment on June 22, 1976. The acceptance and the assignment both contain typewritten clauses which provide that the power of direction under the trust shall be held by Joseph Pedott and Selma Dorman and Harry Dorman. Consequently, the assignment and acceptance name the Dormans as the beneficiaries of the trust, but require Pedott to join in any direction to convey while the trust agreement grants the power to direct to Pedott or "the beneficiaries at the time."

On October 12, 1977, the Dormans executed a direction to the trustee to convey the trust property to them. Pedott did not join in the direction and the trustee refused to convey. On March 22, 1978, the Dormans filed a complaint seeking the issuance of an injunction requiring the trustee to convey the trust property to them and for other equitable relief. The complaint, to which the trust agreement, assignment and acceptance were attached, alleges that the plaintiffs are the sole beneficiaries of the land trust and that as such they hold the sole power to direct conveyances pursuant to the terms of the trust. No other issues were raised by the complaint. According to the defendants' answers, the trustee did not receive a valid direction to convey because under the trust agreement, assignment and acceptance, Pedott was required to join in any direction to convey.

The Dormans filed a motion for judgment on the pleadings on September 25, 1979. The parties agreed that the only issue before the court was the legal effect of the trust agreement and subsequent assignment and acceptance. The trial judge did not rule immediately on the motion for judgment on the pleadings. Instead he stated that he desired "further factual information" and ordered that the parties file affidavits. The parties submitted the affidavits. On April 17, 1980, after considering

Pedott's oral motion for judgment on the pleadings, the court entered judgment on the pleadings. According to the judgment order, the court found that the assignment "is clear in reserving a power of direction in Joseph Pedott and Joseph Pedott has and at all times past and does have a power of direction in said trust." Based upon this finding the trial court ordered:

> "(1) That the motion for judgment on the pleadings filed by Harry and Selma Dorman is denied and the answer of Joseph Pedott is sustained.
> (2) That Joseph Pedott is the holder of a power of direction in [the land trust].
> (3) That there being no further issues raised in the pleadings, this matter and lawsuit be and they are hereby dismissed with prejudice."

The plaintiffs argue on appeal that (1) the trial court committed reversible error by requiring the parties to submit affidavits before ruling on the motion for judgment on the pleadings; (2) under the trust documents they possess, as a matter of law, the sole power to direct because the assignment and acceptance name them as the beneficiaries and the trust agreement grants to the beneficiaries the power to direct; and (3) if the affidavits were properly before the court they raise factual issues which require an evidentiary hearing.

Preliminarily, the plaintiffs argue that the trial court committed reversible error by requiring the parties to submit affidavits before ruling on the plaintiffs' motion for judgment on the pleadings. The plaintiffs' claim is that since their motion was strictly a law motion under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45) and the parties agreed that the only issue before the court was the legal effect of the land trust agreement and subsequent amendment, the court should not have required or considered affidavits concerning factual issues.

■■ In *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, the court stated that motions challenging the legal sufficiency of a complaint and motions for summary judgment should not be entertained simultaneously but that the question of the legal sufficiency of the complaint should be resolved before the trial court considers motions for summary judgment and affidavits filed in support thereof. However, neither *Janes* nor any other case cited by the plaintiffs holds that where the court considers affidavits filed by the parties prior to considering a motion for judgment on the pleadings the matter must be reversed. The *Janes* court expressly disapproved of the procedure of considering the fact and law motions simultaneously, but the supreme court did not remand for the trial court to follow the proper procedure

because to do so would only "occasion delay and waste of judicial resources." We therefore are not persuaded by the plaintiffs' contention that the fact that the trial court required the parties to file affidavits on factual matters before entering judgment on the pleadings is in and of itself grounds for reversal.

We must still consider whether the trial court was correct in ruling that under the terms of the trust documents, Pedott possesses, as a matter of law, the right to join in any direction to convey. The plaintiffs contend that the Trust Agreement grants to "the beneficiaries at the time" the power to direct conveyances and that since the Assignment and Acceptance name them as the beneficiaries of the trust, they alone possess, as a matter of law, the power to direct conveyances.

■■ Land trust agreements can ordinarily be freely amended. (H. Kenoe, Land Trusts §2.47 (Ill. Inst. Cont. Leg. Ed. 1978) (hereinafter Kenoe).) While some trust agreements do no expressly provide the right to amend, such right will be inferred from the right of the immediate beneficiaries to terminate the trust, take a conveyance, and create a new land trust with the changes that they desire. Unless restricted by an agreement of the parties, amendments concerning the identity of the beneficiaries, the power of direction, or the allocation of proportionate interests in the trust may be effectuated by simple assignment without further documentation. Kenoe §4.12; see *Shefner v. University National Bank* (1976), 40 Ill. App. 3d 978, 353 N.E.2d 126; *Ciolek v. Jaskiewicz* (1976), 38 Ill. App. 3d 822, 349 N.E.2d 914.

The relationship between the trustee, the beneficiaries, and the donee of the power of direction is determined by the documents comprising the trust agreement (Kenoe §2.19), including assignments, executed subsequent to the execution of the trust agreement. *Rudolph v. Gersten* (1968), 100 Ill. App. 2d 253, 241 N.E.2d 600.

■■ By virtue of a contract, the trust agreement, land trust beneficiaries have certain rights including: the right to possession, operation, maintenance and control of the trust property; the right to direct the sale or financing of the trust property; and the right to the proceeds of any sale. (Kenoe §1.11.) The power of direction can be separated from the beneficial interest. For example, in *Gersten* the beneficiaries of the trust agreement assigned the beneficial interest in the trust to themselves as joint tenants with another beneficiary, their daughter, but the original beneficiaries retained to themselves the sole power to direct. The daughter accepted the assignment subject to all of the provisions of the trust agreement. The court held:

> "By retaining the exclusive power to direct all acts of the trustee to the exclusion of their daughter, the Gerstens retained the power to defeat [the daughter's] interest in the trust while either of them [the

Gerstens] was alive, * * *." *Gersten*, 100 Ill. App. 2d 253, 264, 241 N.E.2d 600, 605.

To construe the documents in question in the manner asserted by the plaintiffs would be to ignore the provision contained in the assignment and acceptance, executed by the Dormans and Pedott, that Pedott and the Dormans join in any direction to convey. As is set forth above, the power of direction in a land trust can be separated from the beneficial interest. The relationship between the trustee, the beneficiaries, and the holder of the power of direction is determined by the documents comprising the trust agreement, including any amendments to the trust agreement effectuated by assignment or otherwise. The sole beneficiary of a land trust may convey the beneficial interest in that trust by assignment, while at the same time retaining to himself the right to join in any direction to convey. This was done by Pedott. While the original trust agreement provided that the beneficiaries had the power to direct, the assignment and acceptance amend that provision and provide that the Dormans possess the beneficial rights, powers and privileges of the land trust except that Pedott has the right to join in any direction to convey.

■■ The plaintiffs cite section 2.22 of Kenoe's treatise on land trusts for the proposition that where the holder of the power to direct is not otherwise a beneficiary and does not hold that power "coupled with an interest," the holder of the power acts as a fiduciary for the beneficiaries and can be required to act in the best interest of the beneficiaries. From this they argue that Pedott holds the power to direct not in himself but rather as their agent. However, in the section following the one cited by the plaintiffs, Kenoe points out that this rule of law does not apply where the settlor of the trust reserves the power to direct to himself. (Kenoe §2.23.) Rather, in such cases the settlor's right to direct conveyances is superior to the ultimate rights of the beneficiaries. (Kenoe §2.23; see *Williams v. Stevens* (1948), 335 Ill. App. 123, 80 N.E.2d 451.) Such a reservation of the power to direct may be accomplished, not only in the original trust agreement, but also by assignments executed subsequent to the trust agreement. *Rudolph v. Gersten*; see *Schwinn v. Northern Trust Co.* (1966), 75 Ill. App. 2d 88, 220 N.E.2d 867.

The plaintiffs' last contention is that the affidavits submitted to the trial court revealed factual issues which require an evidentiary hearing. Specifically, they allege that the affidavits indicate that Pedott held his interest in the land trust as a fiduciary for them or, in the alternative, that Joseph Pedott held his beneficial interest in the land trust as constructive trustee for them. However, the Dormans' complaint did not raise these issues but rather concerned only the construction of the trust documents. We therefore need not consider their contention that a constructive or resulting trust should be imposed.

434

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.