ESTATE OF HELEN E. BOWGREN, Deceased, WARREN D. BOWGREN, Executor, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Bowgren v. Commissioner
Docket No. 23115-93.
United States Tax Court
T.C. Memo 1995-447; 1995 Tax Ct. Memo LEXIS 447; 70 T.C.M. (CCH) 748; September 21, 1995, Filed *447 Decision will be entered under Rule 155. Robert L. Wiesenthal, for petitioner. Vijay S. Rajan, for respondent. TANNENWALD, Judge TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $ 152,080. The sole issue for decision is whether the value of certain units of beneficial interest in an Illinois land trust should be included in decedent's gross estate under section 2036 or 2038. [1]
All the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner is the estate of Helen E. Bowgren (decedent). Warren D. Bowgren is the duly appointed executor of the estate and resided in Elburn, Illinois, at the time the petition was filed. Decedent died testate on April 8, 1990. A Federal estate *448 tax return was filed for petitioner with the Internal Revenue Service at Kansas City, Missouri. On December 30, 1975, decedent created an Illinois land trust, naming State Bank of St. Charles, St. Charles, Illinois, as trustee. The trust agreement provided for 98 units of beneficial interest. On the same date, decedent transferred to the bank, as trustee, certain real estate located in Kane County, Illinois, which made up the corpus of the trust. The trust agreement provided in part: the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said real estate and to manage and control said real estate as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales, or other disposition of said real estate, and that such right in the avails of said real estate shall be deemed to be personal property, and may be assigned and transferred as such; that in case of the death of any beneficiary hereunder during the existence of this trust, his or her right and interest hereunder shall, * * * pass to his or her executor or administrator, and not to his or her heirs at law; * * * No assignment *449 of an interest hereunder shall be binding on the Trustee until the original or a duplicate of the assignment is lodged with the Trustee, and its acceptance indicated thereon; and no assignment of the right to direct the Trustee to deal with the real estate * * * shall be valid without the written consent of all other parties hereunder who have the right to direct the Trustee to convey the real estate or to deal with the same. * * * * * * * This Trust Agreement shall not be placed on record in the Recorder's Office of the county in which the real estate is situated, or elsewhere, and the recording of the same shall not be considered as notice of the rights of any person hereunder, derogatory to the title or powers of said Trustee. While the State Bank of St. Charles is the sole owner of record of the real estate * * *, said State Bank of St. Charles will * * * convey title to said real estate, execute and deliver deeds for or otherwise deal with said real estate only when authorized to do so in writing and that it will (notwithstanding any change in the beneficiary or beneficiaries hereunder, unless otherwise directed in writing by the beneficiaries) on the written direction of *450 Helen E. Bowgren or on the written direction of such person or persons as may be beneficiary or beneficiaries at the time, make deeds for, or otherwise deal with said real estate * * * The beneficiary or beneficiaries hereunder shall in his, her or their own right have the full management of said real estate and control of the selling, renting and handling thereof, and any beneficiary or his or her agent shall handle the rents thereof and the proceeds of any sales of said property * * *
Between December 30, 1975, and January 4, 1979, decedent executed instruments of assignment transferring a total of 9 units of beneficial interest in the land trust (hereinafter referred to as the "27 units") to each of her three children. The assignments of beneficial interest dated December 30, 1975, and January 30, 1976, which transferred 18 units, each contain the sentence: FOR VALUE RECEIVED I hereby sell, assign, transfer and set over unto [Name of Assignee]…[Number of Units], [O> all my/our rights, powers, privileges, and <O] beneficial interest in and to that certain trust agreement dated the     day of [Month and day], A.D. 19[Year], and known as State Bank of *451 St. Charles Trust Number LT-1116 including all interest in the property held subject to said trust agreement. [Stricken words were struck with an "X" in the originals.]
In each of the other assignments, the sentence is identical except for names and dates, but the stricken language does not appear, either stricken or unstricken. On April 8, 1987, decedent granted a general power of attorney to one of her children, Warren D. Bowgren. In connection with three sales, directions to the trustee, dated August 31, 1987, September 28, 1987, and October 9, 1987, to convey certain parcels of the land subject to the trust were signed by the assignees and Warren D. Bowgren acting on behalf of decedent. In decedent's estate tax return, petitioner disclosed the assignments of the 27 units of beneficial interest in the land trust but did not include their value in the gross estate. In the notice of deficiency, respondent included the value of the 27 units in decedent's gross estate, citing sections 2036 and 2038. [2]
*452 The includability of the 27 units in the decedent's gross estate turns on the relationship between the power of direction reserved to the decedent by name in the trust agreement and the beneficial interests assigned to the three children. Respondent contends that the power of direction continued in full force and effect notwithstanding the assignments and enabled the decedent not only to modify but to defeat the beneficial interests with the result that the value of the 27 units is includable in decedent's gross estate under either section 2036 or section 2038. Petitioner asserts that, while the power of direction is a separable interest, it is part of the beneficial interest at creation and thus is transferred with the beneficial interest unless express provision is otherwise made. Because each of the assignments herein transferred a beneficial interest in the trust, without reservation, petitioner argues that no power of direction was retained by petitioner insofar as the power of the decedent in any way to terminate, modify, or otherwise impair the beneficial interests obtained by the three children is concerned. The extent to which decedent retained a power of direction is a *453 matter of State law. Helvering v. Stuart, 317 U.S. 154, 162 (1942); Estate of McMillan v. Commissioner, 76 T.C. 170, 173 (1981), affd. 670 F.2d 788, 789 n.2 (8th Cir. 1982). Our determination of the impact of Illinois law will be guided by the interpretation that would be accorded the documents and other relevant facts involved herein by the highest court of Illinois, i.e., its Supreme Court; absent such guidance, which is the case herein, we are to give "proper regard" to such interpretation as is disclosed by decisions of the Appellate Court of Illinois, unless we are convinced that the Supreme Court of Illinois would decide otherwise. Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967); Clarin Corp. v. Massachusetts Gen. Life Ins. Co., 44 F.3d 471, 474 (7th Cir. 1994); Estate of Hubert v. Commissioner, 101 T.C. 314, 319 (1993), affd.     F.3d     (11th Cir., Sept. 12, 1995). The Illinois land trust has been described as "an imaginative creation of 19th and early 20th century Illinois practitioners, *454 abetted by the Illinois courts". Old Orchard Bank & Trust Co. v. Rodriguez, 654 F. Supp. 108, 110 (N.D. Ill. 1987). Among its characteristics, it can hold only real property, of which the trustee, and not the beneficiary, holds legal and equitable title. Ill. Ann. Stat. ch. 765, par. 405/1 (Smith-Hurd 1993); Davis v. United States, 705 F. Supp. 446, 447 n.1 (C.D. Ill. 1989); First Natl. Bank v. Oldenburg, 427 N.E.2d 1312, 1315 (Ill. App. Ct. 1981). The trustee's only powers or duties are to follow the beneficiary's directions in dealing with the property. Davis v. United States, supra at 447 n.1. The beneficial interest in a land trust is personal property. Horney v. Hayes, 142 N.E.2d 94, 96 (Ill. 1957). It consists of four basic powers, or interests: (1) To possess, manage and physically control the real estate; (2) to receive all income generated by the property; (3) to direct the trustee in dealing with title to the real estate; and (4) to receive the proceeds of any sale of the property made pursuant to the power of direction. *455 See Ill. Ann. Stat. ch. 765, par. 405/1 (Smith-Hurd 1993); In re Estate of Bork, 496 N.E.2d 329, 333 (Ill. App. Ct. 1986); Wachta v. First Federal Savings & Loan, 430 N.E.2d 708, 711 (Ill. App. Ct. 1981); First Natl. Bank v. Oldenburg, supra at 1315; Dorman v. Central Natl. Bank, 422 N.E.2d 1019, 1022 (Ill. App. Ct. 1981). The power of direction is a separable property interest that can be transferred or retained apart from the property interest represented by the rest of the beneficial interest. In re Estate of Bork, supra at 334; Dorman v. Central Natl. Bank, supra at 1022. [3]
*456 Petitioner insists that the Illinois cases support its position that the retention of the power of direction by the assignor of a beneficial interest in an Illinois land trust cannot be implied but must expressly be provided for in the assignment. An examination of the cases relied upon by petitioner reveals that they fall within two categories: (1) Those involving only a beneficial interest without any separate reservation of the power of direction such as exists herein and (2) those where there was an express reservation in the assignment which either separated out the power of direction which had previously been encompassed within the beneficial interest or modified a previously established separate power of direction. With the possible exception of In re Estate of Bork, supra, none of these cases support petitioner's position that, in order to survive, an already existing separate power of direction must be expressly reserved in an assignment. Moreover, Bork involved the question whether a retained separate power of direction passed to the executor or administrator of the estate of the settlor of a land trust. In answering that question in the negative, the Appellate *457 Court of Illinois made reference to the fact that the decedent had not specifically provided that such retained power would so pass. The context in which that reference was made is clearly distinguishable from that involved herein. Petitioner makes a further point that the clause directing the trustee to follow the direction of decedent "notwithstanding any change in the beneficiary or beneficiaries hereunder, unless otherwise directed in writing by the beneficiaries" subjected any exercise of the power of direction to cancellation by the beneficiaries. We think this language does no more than permit the beneficiaries to change the holders of the power and does not extend to nullifying an exercise of that power. Respondent insists that the retention of a separate power of direction includes the unqualified power to modify and indeed defeat any beneficial interests. As will subsequently appear, although there is language in some of the Illinois cases which seems to support respondent's position, the seeming absoluteness of that language must be interpreted by taking into account the context in which such language was used. As the foregoing analysis indicates, we are not prepared *458 to accept, without qualification, the rationale advanced by either party. Consequently, we proceed to set forth our own analysis of the pertinent Illinois cases in order to arrive at a determination as to the scope of decedent's power of direction under Illinois law. The seminal case dealing with the power of direction in an Illinois land trust is Rudolph v. Gersten, 241 N.E.2d 600 (Ill. App. Ct. 1968). In that case, the defendant and her husband, parents of the plaintiff, created a land trust and designated themselves as joint tenants of the beneficial interest with right of survivorship. At a later date, the parents assigned to themselves and to the plaintiff-daughter all their rights, power, privileges and beneficial interest in the trust as joint tenants with rights of survivorship. The assignment provided that the parents or their survivor had the power to direct the acts of the trustee. After the husband-father died, the widow-mother directed the trustee to convey the trust property to a third person who immediately reconveyed it to the trustee to be held in a new land trust of which the widow-mother was the sole beneficiary. The Illinois court *459 affirmed the dismissal of the action by the plaintiff-daughter against the defendant-widow-mother for a one-half interest in the new land trust on the ground that, under the circumstances, the parents intended their designation of the daughter as a joint holder of the beneficial interest as a testamentary disposition and that the plaintiff-daughter had not proven by clear and convincing evidence an intent on the part of the parents "to give her a present irrevocable interest in the trust." Id. at 605. The next case to deal with the power of direction was Caleca v. Caleca, 380 N.E.2d 493 (Ill. App. Ct. 1978). In that case, a father established a land trust. The trust agreement provided that the father and the plaintiff (his daughter) were the beneficiaries and would share in the earnings and proceeds of the property (on which a restaurant was situated) and that the trustee was to act only as authorized by the father "or other beneficiaries". After plaintiff's mother died, her father married the defendant. Thereafter the trust agreement was amended to provide that the father and the defendant would each be entitled to an *460 undivided one-half interest in the trust with the father's share vesting in the plaintiff-daughter upon his death and, in the event of the defendant's death, her share would vest 30 percent in the father and 70 percent in the defendant's daughter. The amendment also provided that the power to direct the trustee was vested in the father and defendant. Still later, the trustee was directed to convey the trust property to a new trustee under a trust agreement nearly identical to the original trust agreement except that the beneficial interest was vested in the father and the defendant with the power of direction in the defendant alone. In a suit to set aside the transfer to the new trustee, the Illinois court rejected the plaintiff-daughter's claim to full ownership of the trust property, stating: When the settlor of a land trust retains the power to direct the acts of a trustee to the exclusion of a beneficiary, the settlor effectively retains the power to defeat the beneficiary's interest during his lifetime, and a beneficiary will not be held to have a present irrevocable interest unless she can show by clear and convincing evidence that the settlor had a donative intent to make *461 an irrevocable inter vivos gift of the beneficial interest. ( Rudolph v. Gersten (1st Dist. 1968), 100 Ill.App.2d 253, 241 N.E.2d 600; Schwinn v. Northern Trust Co. (1st Dist. 1966), 75 Ill.App.2d 88, 220 N.E.2d 867.) After carefully reviewing the record in the case before us, we find that plaintiff failed to carry the burden of proving that her interest in trust No. 1050 was vested and irrevocable. The original trust provision gave Frank an express power to direct the trustee, and the 1963 amendment gave that power to Frank and Marietta. Just as a testamentary disposition of property can be revoked or changed by the owner prior to death, so can the disposition of property placed in a land trust. [Caleca v. Caleca, 380 N.E.2d at 495-496.]
In evaluating the impact of the foregoing language, we think it significant to note that, in the context of the plaintiff's claim based on the survivorship provision of the first amendment to the land trust agreement, the Court did not address the possible impact of the terms of the trust agreement in its original form *462 which appears to have granted the plaintiff a present interest by way of a share of the earnings and proceeds of the property. Favata v. Favata, 394 N.E.2d 443 (Ill. App. Ct. 1979), involved a declaratory judgment action to set aside an amendment to a land trust agreement. Under the original agreement, a father was the prime, i.e, sole, beneficiary. An amendment provided that the father would continue as the prime beneficiary but that on his demise, if the interest had not been disposed of, it was to vest in the plaintiff-daughter. A second amendment provided that, in the event of the father's death, certain of the trust property was left to the defendant-son and the rest of the property to be held in trust for the plaintiff-daughter; the amendment further provided that the defendant-son was henceforth to have power of direction. The Illinois court held that the first amendment was valid but that the second amendment was invalid (for reasons not relevant to the instant case) except for the power of direction vested in the defendant-son, which the court said he held in a fiduciary capacity since he was not a beneficiary. Aside from an articulation of *463 certain principles of Illinois land trust law (to which we have already referred, see supra pp. 6-8) the case makes no contribution to the development of a formulation for our decision herein. Kavanaugh v. Estate of Dobrowolski, 407 N.E.2d 856 (Ill. App. Ct. 1980), involved a situation where the entire beneficial interest, including the full power to dispose of that interest, and the power of direction, were vested in the settlor during his lifetime and, upon his death, if the beneficial interest had not been disposed of, the beneficial interest was to go to the settlor's daughter. The trust property was sold to third persons upon the direction of the settlor. An amendment to the trust agreement confirmed the ownership of the beneficial interest by the settlor and the designation of the daughter to receive that interest in the event of his death; it further provided that the power of direction was to be in the settlor and, after his death, in the daughter. The Illinois court rejected the daughter's claim to the proceeds of the sale on the ground that the settlor, as sole beneficiary, was vested with full power to terminate the trust which he *464 had in effect done. It was integral to the decision that the power of direction was at all times part of the beneficial interest of which the settlor was the sole owner, a situation that does not exist herein. In Dorman v. Central Natl. Bank, 422 N.E.2d 1019 (Ill. App. Ct. 1981), the settlor assigned the beneficial interest in a land trust to Harry and Selma Dorman. The assignment provided that the power of direction was to be held by the settlor and Harry and Selma Dorman. The Dormans later instructed the trustee to convey the property to them, but the settlor did not join in the direction and the trustee refused. The Dormans then brought an action against the trustee to convey the property to them. The Illinois court rejected their claim on the ground that the settlor properly retained his right to participate in the exercise of the power of direction even though he parted with the entire beneficial interest. Here again, aside from confirming that the power of direction can be separated from the beneficial interest, the case contributes little to the resolution of the issue before us. To be sure it states that where such a reservation occurs, "the *465 settlor's right to direct conveyances is superior to the ultimate right of the beneficiaries", id. at 1022, but this language deals only with the question of who has the power "to direct conveyances" and not with the possible additional elements of that power. In re Estate of Bork, 496 N.E.2d 329 (Ill. App. Ct. 1986), concerned whether a power of direction contained in a land trust agreement passed to the administrator of the estate of the settlor-holder of the power upon his death. The trust agreement specifically provided that the power of direction was reserved to the settlor, or the beneficiary or beneficiaries at the time. In an action by the administrator of the estate of the settlor, to approve the sale of trust property, the Illinois court held that the power of direction, in the first instance, was personal to the settlor and did not pass to the administrator in the absence of a specific provision in the trust agreement to that effect. Here again, the issue involved in Bork was who possessed the power of direction and not the scope of such power. It is therefore of little value in resolving the issue before *466 us. The final case on the Illinois landscape is Williams v. Independence Bank, 559 N.E.2d 201 (Ill. App. Ct. 1990), which involved an action by a beneficiary against the trustee of a land trust for failure to notify the beneficiary of a foreclosure action. The settlor had assigned 50 percent of the settlor's "rights, powers, privileges and beneficial interest in and to a fifty per cent (50%)" interest in a land trust specifically "excluding power of direction." The Illinois court held that even though the beneficiary did not have a power of direction, he was still entitled to notice of the foreclosure sale. In so doing, the court pointed to Rudolph v. Gersten, supra, discussed supra pp. 10-11, making two points: (1) That it involved a testamentary disposition, and (2) that the retention of a power of direction by the settlors did not deprive the beneficiary of a present interest of all rights in respect of the trust property, stating: Accordingly, we find that while a settlor who retains the power of direction may have superior rights to the beneficiary bereft of such power of direction ( Dorman, 97 Ill.App.3d at 433, 52 Ill.Dec. 810, 422 N.E.2d 1019), *467 we do not find that said beneficiary should be deprived of notice of pending foreclosure proceedings under the circumstances of this case. [Williams v. Independence Bank, 559 N.E.2d at 205.]
In the interest of completeness, we note that Federal cases dealing with Federal tax consequences attaching to an Illinois land trust are sparse. In Estate of Pielet v. Commissioner, T.C. Memo. 1963-169, we held that, where a beneficiary-settlor with the consent of less than all of the beneficiaries had the power to terminate the trust, the requirements of section 2038(a)(1) were satisfied and the trust property was includable in the settlor's gross estate. We rested our decision on the fact that the trust instrument contained an explicit power to terminate, an element that is not present in the trust instrument involved herein. We also emphasized that the decedent-settlor as trustee was given broad discretionary powers with respect to the disposition and distribution of the trust assets, a situation which likewise does not exist herein. In Adolphson v. United States, 90-2 USTC par. 60,048 (C.D. Ill. 1990), *468 the District Court found the beneficiary-settlor could exercise the power of direction set forth in the trust instrument in conjunction with less than all of the beneficiaries, and followed our holding in Estate of Pielet. Neither Pielet nor Adolphson refers to Illinois law, and both decisions rested on the existence of a power of termination in the settlor, in the capacity of beneficiary, which could be exercised in concert with less than all the beneficiaries. It is important to note that the power of direction in Adolphson was considerably broader than the one set forth in the trust instrument involved herein and that the District Court construed that power as a power to terminate and obtain "the enjoyment of the property" thus bringing Pielet into play. [4]Adolphson v. United States, supra at 86,170. *469 The power involved herein was limited to directing the trustee to "convey title to said real estate, execute and deliver deeds for or otherwise deal with said real estate". See supra p. 3. By way of contrast, the full management and control of the trust property, including "the proceeds of any sales of said property" was given to the beneficiaries. See supra p. 3. Under the circumstances, we do not think that either Pielet or Adolphson supports respondent's position that we should interpret the limited power of direction involved herein as encompassing a power to terminate the trust or deal with the trust property in a fashion that would cause the property to be includable in the decedent-settlor's estate under either section 2036(a) or section 2038(a). Our analysis of Illinois law persuades us that the Illinois courts would conclude that the power of direction retained by the decedent alone herein did not include the right to terminate or modify the beneficial interests held by her three children. Clearly, the Illinois cases, in basing their decisions on the failure of proof of intent to confer a present interest rather than establishing that a power of direction *470 included the absolute right to terminate or modify these interests, recognize that, under some circumstances, the power of direction is subject to limitations. In the two most relevant cases, Rudolph v. Gersten, supra, and Caleca v. Caleca, supra, the interests of the beneficiaries were interests that included no present right of enjoyment, such right being conditioned upon surviving the holder of the power. In the instant case, it cannot be gainsaid that the beneficial interests assigned to the decedent's children encompassed a present right to participate in the fruits of the trust property that was in no way conditioned on any future event such as survivorship. Indeed, given the recognition of an Illinois land trust as a dry trust designed merely to protect anonymity of the real owners of the trust property and to facilitate its transfer, we think that such a trust can be viewed as analogous to a tenancy in common where more than one owner of a present beneficial interest is involved. In so stating, we recognize the limitation on the direct application of this analogy imposed by the concept that a beneficial *471 interest in an Illinois land trust is personal property separate from the real property interest held by the trustee. We also emphasize that our analysis applies only to situations involving the relationship among the owners of the beneficial interest and might not be appropriate where the rights of third parties are involved. In sum, we think the Illinois courts would hold that petitioner herein has made a prima facie case which, in the absence of contrary evidence, is sufficient to carry the burden of proof suggested by the existing Illinois cases. In this connection, we do not think the Illinois courts would find significant the fact that certain language referring to "rights, privileges, etc." was deleted from the assignment forms. See supra p. 4. This fact would be pertinent if the resolution of this case turned upon whether the decedent retained a power of direction, i.e., who had the power, but has no bearing on the question of the scope of that power. Similar reasoning governs the relevance of the fact that the exercises of the power of direction contained in the record herein were signed by the beneficiaries rather than by or on behalf of the decedent alone since the *472 power of direction was vested in either the decedent alone or all the beneficiaries. We conclude that the only method by which the decedent could have terminated or modified the beneficial interests of the children was to act not by herself under the reserved power of direction but as a beneficiary with the unanimous consent of the children, i.e., all the other beneficiaries. Such a power is not a retained power under section 2036(a)(2), see Stephens, Maxfield, Lind & Calfee, Federal Estate and Gift Taxation 4-148 n.52 (6th ed. 1991), and is a power to which section 2038(a) does not apply, see sec. 20.2038-1(a)(2), Estate Tax Regs. The power of direction retained by the decedent alone was analogous to a power to direct the activities of the trustee in respect of the investment of the trust property, which is insufficient to require includability of the trust property in the gross estate. See, e.g., Estate of Graves v. Commissioner, 92 T.C. 1294, 1302-1303 (1989); Estate of Ford v. Commissioner, 53 T.C. 114, 128 (1969), affd. per curiam 450 F.2d 878 (2d Cir. 1971); Estate of Budd v. Commissioner, 49 T.C. 468, 475-476 (1968). *473 In this connection, we recognize that the power of direction could conceivably be used to direct the trustee to dispose of the trust property for an inadequate consideration and thus adversely affect the beneficial interests. Whatever may be the limits on the existence of a fiduciary duty on the part of the holder of a power of direction to the owner of the beneficial interests, we think the Illinois courts would, as between the holder and the owner, impose a fiduciary duty on such an exercise of a settlor's power of direction. [5]
In order to reflect our conclusion herein and in order to take into account a State death tax credit. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 2036(a) provides: The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer * * *, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death-- * * * * (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.
Sec. 2038(a)(1) provides that the gross estate shall include the value of all property: of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person * * * to alter, amend, revoke, or terminate, * * *.↩
3. For a comprehensive analysis of the role of the Illinois land trust, including an examination of the scope of the power of direction, see Kenoe, Land Trusts (Ill. Inst. for CLE, 1989); see also Haswell and Levine, "The Illinois Land Trust: A Fictional Best Seller," 33 DePaul L. Rev. 277↩ (1984).
4. The power of direction in Adolphson v. United States, 90-2 USTC par. 60,048, at 86,168-86,169 (C.D. Ill. 1990), read in pertinent part: On the written direction of the party or parties designated on the reverse side hereof as having the power of direction, the trustee will make deeds for, or mortgages or trust deeds (which may include a waiver of the right of redemption from sale under an order or decree of foreclosure) or execute leases or otherwise deal with the title to the trust property including cash or other assets subject to the trust↩. * * *
5. See Dorman v. Central Natl. Bank, 422 N.E.2d 1019, 1022 (Ill. App. Ct. 1981); Kavanaugh v. Estate of Dobrowolski, 407 N.E.2d 856, 863 (Ill. App. Ct. 1980); Caleca v. Caleca, 380 N.E.2d 493↩ (Ill. App. Ct. 1978).