**Elinor M. SWAIN and Kawyn Moody as co-executors of the Estate of Pauline E. Taylor Moody, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 95–3325.**

United States District Court,
C.D. Illinois,
Springfield Division.

July 10, 1997.

---

David J. Duez, Chicago, IL, Robert M. Bellatti, Springfield, IL, for Plaintiffs.

Stacy Hallett, Washington, DC, for Defendant.

### OPINION

RICHARD MILLS, District Judge:
    "Death and taxes and childbirth!
    There's never any convenient
    time for any of them!"[1]

## I. BACKGROUND[2]

---

1. Margaret Mitchell, *Gone With the Wind* 668 (1936).

2. The parties have agreed on the material facts involved in this case. Therefore, this matter is appropriate for summary judgment.

On December 31, 1985, Pauline E. Taylor Moody ("Decedent") and her spouse created an Illinois land trust ("Moody Land Trust I"). All of the holders of a beneficial interest in the Moody Land Trust I entered into the Moody Land Trust Operating Agreement I. Under the agreement, the Farmers State Bank and Trust Company of Jacksonville, Illinois, was the trustee ("Trustee").

On that same day, Decedent and her spouse transferred, by warranty deed, the legal title to certain jointly held real estate located in Pike County, Illinois, to the Trustee.

Also on December 31, 1985, Decedent and her spouse each transferred 11.8% of their respective 50% interest of the beneficial interest in the Moody Land Trust I to their children and grandchildren. This transfer was accomplished by reflecting in the Moody Land Trust Operating Agreement I the percentages of the beneficial interest in the real estate as follows:

| | |
|---|---|
| Loren R. Moody (Husband) | 38.20% |
| Pauline T. Moody (Decedent) | 38.20% |
| Elinor M. Swain (Child) | 5.90% |
| Debra Kay Maul (Grandchild) | 2.95% |
| Sara Jelane Armstrong (Grandchild) | 2.95% |
| Kawyn Moody (Child) | 5.90% |
| Kawyn Moody, Jr. (Grandchild) | 5.90% |

On January 17, 1989, Decedent and her spouse created a second Illinois land trust ("Moody Land Trust II"). All of the holders of a beneficial interest in the Moody Land Trust II entered into the Moody Land Trust Operating Agreement II. Under the agreement, the Farmers State Bank and Trust Company of Jacksonville, Illinois, was again named the trustee ("Trustee").

On that same day, Decedent and her spouse transferred, by warranty deed, the legal title to certain jointly held real estate located in Pike County, Illinois, to the Trustee.

Also on January 17, 1989, Decedent and her spouse each transferred 9.8% of their respective 50% interests of the beneficial interest in the Moody Land Trust II to their children and grandchildren. This transfer was accomplished by reflecting in the Moody Land Trust Operating Agreement II the per-

centages of the beneficial interest in the real estate as follows:

| | |
|---|---|
| Loren R. Moody (Husband) | 40.20% |
| Pauline T. Moody (Decedent) | 40.20% |
| Elinor M. Swain (Child) | 4.90% |
| Debra Kay Maul (Grandchild) | 2.45% |
| Sara Jelane Armstrong (Grandchild) | 2.45% |
| Kawyn Moody (Child) | 4.90% |
| Kawyn Moody, Jr. (Grandchild) | 4.90% |

Neither the Moody Land Trust I nor the Moody Land Trust II ever filed Form 1041 fiduciary income tax returns. Rather, each beneficial interest owner annually received and reported his or her pro-rata share of the income from the real estate legally titled in the names of the land trusts on Schedule E of his or her individual Form 1040's.

During her lifetime, Decedent transferred her entire 50% interest in the Moody Land Trust I to her children and grandchildren. These transfers occurred as follows:

| Date of Transfer | Percentage of Interest |
|---|---|
| 12/31/85 | 11.80% |
| 01/24/86 | 11.80% |
| 01/26/87 | 13.44% |
| 02/08/88 | 12.96% |

Decedent also transferred 29.4% of her 50% interest in the Moody Land Trust II to her children and grandchildren during her lifetime as follows:

| Date of Transfer | Percentage of Interest |
|---|---|
| 01/17/89 | 9.8% |
| 02/05/90 | 9.8% |
| 01/17/91 | 9.8% |

On January 20, 1991, Decedent, a citizen of the United States, died testate. On March 8, 1991, Elinor M. Swain and Kawyn Moody were appointed co-executors of the Estate of Decedent under Letters Testamentary issued by the Clerk of the Circuit Court of Morgan County, Illinois.

On October 30, 1991, Plaintiffs filed a United States Estate and Generation Skipping Transfer Tax Return (Form 706) for the Estate of Decedent with the Internal Revenue Service ("IRS") Center at Kansas City, Missouri, and paid an estate tax liability reported thereon of $112,333.28.[3] However, the above-listed transfers were not reported on said return, and their values were not included in the Decedent's gross estate. Subsequently, the IRS audited Decedent's estate tax return and assessed a deficiency of

---

3. Plaintiffs state that Form 706 was actually filed on October 21, 1991.

estate taxes of $133,535.58 based upon the following additions:

| | | |
|---|---|---|
| I. | Transfers During Decedent's Life | $359,268.00[4] |
| II. | Value of Stocks and Bonds | 7,439.74 |
| III. | Value of Other Misc. Property | 14,705.35 |

On October 17, 1994, Plaintiffs paid the $133,535.58 estate tax deficiency plus statutory interest on the deficiency in the amount of $25,980.97. On April 28, 1995, Plaintiffs filed a timely claim for refund and request for abatement (Form 843) with the IRS requesting a refund of $102,943.73 in estate taxes and $20,028.95 in interest previously paid (totaling $122,972.68) or such greater amount as may have been legally refundable, plus interest on such amounts as provided by law. Plaintiffs claimed that the IRS incorrectly assessed a deficiency and interest with respect to the transfers during Decedent's life. Plaintiffs did acknowledge, however, that the IRS was correct as to the other two additions.

On November 27, 1995, Plaintiffs filed the instant suit seeking a refund of $122,972.68 or such other amount as may be legally refundable, plus interest. On December 4, 1995, the IRS disallowed in full Plaintiffs' claim for refund and request for abatement.

## II. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Ruiz–Rivera v. Moyer*, 70 F.3d 498, 500–01 (7th Cir.1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## III. ANALYSIS

On August 29, 1996, the Court stated that the issues presented in the above-captioned matter were substantially similar to those presented in *Estate of Bowgren v. Commissioner*, 70 TCM 748, 1995 WL 558726 (1995), which, at that time was pending on appeal before the United States Court of Appeals for the Seventh Circuit. Accordingly, the Court denied both parties' motions for summary judgment but granted leave to refile their motions after the Seventh Circuit had issued its opinion in *Bowgren*.

The Seventh Circuit has now issued its opinion in *Bowgren*, and the parties have renewed their motions for summary judgment. *See Estate of Bowgren v. Commissioner*, 105 F.3d 1156 (7th Cir.1997). In *Bowgren*, the Seventh Circuit held that the decedent's gross estate should have included the value of her *inter vivos* transferred interests. The Seventh Circuit so found based upon the fact that the settlor had retained powers of direction in the trust agreement and because the assignment of her beneficial interest did not divest her of said powers of direction.

Predictably, Defendant hails *Bowgren* as the correct decision and touts the case's precedential value. On the other hand, Plaintiffs argue that the case is distinguishable from

---

4. Plaintiffs assert that the deficiency also resulted from adding $47,683.24 in taxable gifts (with respect to the transfers) to the amount on which the estate taxes were computed. Defendant admits that $47,683.24 in taxable gifts was added to the amount on which the estate taxes were computed but denies that the addition was a result of the transfers.

the facts and issues presented in the case at bar, and therefore, they are entitled to judgment as a matter of law notwithstanding *Bowgren.* After a review of the parties' briefs and the applicable case law, the Court concludes that the issues presented in *Bowgren* are substantially similar to those presented here, and therefore, the Court is bound to follow the case. Accordingly, Defendant is entitled to judgment as a matter of law.

In *Bowgren,* the Seventh Circuit discussed the taxation regulations on estates and also discussed the history, purpose, and features of Illinois land trusts. Thus, we need not repeat those matters here but may proceed directly to an examination of the trust agreement and the transfers. *See In re Estate of Bork,* 145 Ill.App.3d 920, 926, 99 Ill.Dec. 754, 758, 496 N.E.2d 329, 333 (1986).

The trust agreement in *Bowgren* provided that:

> "the interest of any beneficiary hereunder shall consist solely of a power of direction" to deal with and to manage the property and of the right to receive proceeds and avails from the real estate. It further provided that the trustee would convey title, would execute and deliver deeds for or would otherwise deal with the property only on the written authorization of Mrs. Bowgren, "notwithstanding any change in the beneficiary or beneficiaries," or on the written direction of the beneficiary or beneficiaries at this time.

*Bowgren,* 105 F.3d at 1161–62. The Seventh Circuit found that the language in the *Bowgren* trust agreement granted the decedent/settlor the power of direction as the individual specifically named in the trust agreement and granted the power of direction as the sole beneficial interest holder. *Id.* at 1162.

Similarly, the language in the Moody Trust Operating Agreements I & II provided:

> It is understood and agreed by the parties hereto and by any person who may hereafter become a party hereto, that the FARMERS STATE BANK AND TRUST COMPANY, will deal with said real estate only when authorized to do so in writing and that notwithstanding any change in the beneficiary or beneficiaries hereunder, said Trustee will on written direction of any combination of at least three (but not more than all) beneficiaries possessing at least two-thirds of the beneficial interest herein, or such other person or at least three (but not more than all) beneficiaries possessing at least two-thirds of the beneficial interest herein, make deeds for, mortgage or otherwise deal with the title to said real estate, provided, however, that the Trustee shall not be required to enter into any personal obligation or liability in dealing with said land.

Thus, the language in the Moody Trust Operating Agreements I & II provided that three beneficiaries with a minimum of two-thirds interest could exercise the power of direction to make deeds, mortgage, and deal with the titles to the property in the land trust. Accordingly, because decedent held a power of direction along with three other beneficial interest holders within three years of her death, the value of the above-referenced transfers should have been included in Decedent's gross estate. 26 U.S.C. § 2035; 26 U.S.C. § 2038(a)(1)

Plaintiffs argue that because Decedent did not have the power to change by alteration, amendment, revocation or termination the "enjoyment" of the beneficial interest which she transferred, the value of the transfers should not be included in her gross estate. However, the Seventh Circuit found that "the gross estate includes the value of transferred property if the decedent retains *any* power or control over the transferred property." *Bowgren,* 105 F.3d at 1159–60 (emphasis added).

Plaintiffs also argue that the Seventh Circuit limited its holding in *Bowgren* by footnote 20 which states:

> Because we conclude that Mrs. Bowgren retained the power of direction specifically granted to her by name in the trust agreement, we need not reach the issue whether a power to direct the trustee held by the settlor in conjunction with all the beneficiaries would be sufficient to require that the value of the units be included in the gross estate.

However, the United States District Court for the Central District of Illinois, Peoria Division, has held that a settlor retains a power of direction if "the decedent, acting in conjunction with less than all of the beneficiaries, could have reconveyed the property to the grantor divesting the interests of up to 25% of the beneficiaries." *Adolphson v. United States,* 90–2 USTC ¶ 60,048 at page 86,171, 1990 WL 300361 (C.D.Ill.1990), Moreover, 26 U.S.C. § 2038(a)(1) states that if the decedent *alone or in conjunction* with any other person retains a power of direction, the transfer is included in the decedent's gross estate.

Accordingly, the Court finds that the language of the Moody Trust Agreements I & II is substantially similar to the language of the trust agreement in *Estate of Bowgren v. Commissioner,* 105 F.3d 1156 (7th Cir.1997). In *Bowgren,* the Seventh Circuit held that the transfers at issue should have been included in the decedent's gross estate. Likewise, the Court finds that based upon the language of the trust agreements, Decedent retained a power of direction, and therefore, the transfers at issue should have been included in her gross estate. Thus, when taking all of the evidence in a light most favorable to Plaintiffs, the Court finds that there are no genuine issues of material fact to be determined by the trier of fact and that Defendant is entitled to judgment as a matter of law.

*Ergo,* Plaintiffs' Motion for Summary Judgment is DENIED, and Defendant's Motion for Summary Judgment is ALLOWED. Accordingly, pursuant to Federal Rule of Civil Procedure 56, Judgment is hereby entered in favor of Defendant and against Plaintiffs. Each party is to bear their own costs.

CASE CLOSED.