Dale W. SOBEK, a California corporation, individually and on behalf of Rovanco Piping Systems, Inc., an Illinois corporation, Plaintiff,

v.

Lawrence STONITSCH, Richard Stonitsch, and Rovanco Piping Systems, Inc., an Illinois corporation, Defendants.

No. 96 C 6939.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 19, 1998.

27. *Brown v. Board of Education,* 349 U.S. 294, 301, 75 S.Ct. 753, 757, 99 L.Ed. 1083 (1955).

Neal L. Wolf, Janet S. Baer, Patrick T. Stanton, Schwartz, Cooper, Greenberger & Krauss, Chtd., Chicago, IL, for Plaintiff.

Frederick V. Lochbihler, David S. Barritt, Chapman and Cutler, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ASHMAN, United States Magistrate Judge.

Plaintiff, Dale W. Sobek ("Plaintiff"), seeks partial summary judgment with respect to Count I of the Fourth Amended Verified Complaint for Declaratory and Other Relief. According to Plaintiff, between September 19, 1996 and December 19, 1996, during 3 separate meetings of the Board of Directors of Defendant, Rovanco Piping Systems, Inc. ("Rovanco"), Lawrence Stonitsch and Richard Stonitsch ("Individual Defendants"), as Directors, authorized the following actions by the Board of Directors, *inter alia:*

1. The issuance by Rovanco to the Individual Defendants of an additional 500 shares of Common Stock, 250 shares to each of the Individual Defendants (which had the effect diluting Sobek's ownership of Common Stock from 60% to 10%);

2. The advance by Rovanco to the Individual Defendants of an amount equal to all expenses incurred by the Individual Defendants in the defense of this lawsuit;

3. The declaration of payment by Rovanco of a $6.00 per share dividend on the Preferred Stock which the Individual Defendants alone own; and

4. The payment by Rovanco of legal fees and costs incurred by the Individual Defendants in the prosecution of a lawsuit to collect a promissory note which is payable to the Individual Defendants.

The Individual Defendants were, asserts Plaintiff without contradiction by any of the Defendants, parties to the transactions authorized by the Board of Directors and were not disinterested in the transactions. Plaintiff objected to the adoption of the resolutions on the grounds that under the Illinois Business Corporation Act, 805 ILCS 5/8.60, the Individual Defendants, as parties to the proposed resolutions, were prohibited from voting upon them.

Section 8.60 of the Illinois Business Corporation Act reads as follows:

Director conflict of interest. (a) If a transaction is fair to a corporation at the time it is authorized, approved, or ratified, the fact that a director of the corporation is

directly or indirectly a party to the transaction is not grounds for invalidating the transaction.

(b) In a proceeding contesting the validity of a transaction described in subsection (a), the person asserting validity has the burden of proving fairness unless:

(1) the material facts of the transaction and the director's interest or relationship were disclosed or known to the board of directors or a committee of the board and the board or committee authorized, approved or ratified the transaction by the affirmative votes of a majority of disinterested directors, even though the disinterested directors be less than a quorum; or

(2) the material facts of the transaction and the director's interest or relationship were disclosed or known to the shareholders entitled to vote and they authorized, approved or ratified the transaction without counting the vote of any shareholder who is an interested director.

The presence of the director who is directly or indirectly a party to the transaction described in subsection (a), or a director who is otherwise not disinterested, may be counted in determining whether a quorum is present but may not be counted when the board of directors or a committee of the board takes action on the transaction.

Plaintiff contends that a plain reading of the last paragraph of Section 8.60 results in an unambiguous flat prohibition upon counting the vote of a director of a corporation who votes on a transaction in which he or she has an interest.[1] Plaintiff cites *Abreu v. Unica Industrial Sales, Inc.*, 224 Ill.App.3d 439, 166 Ill.Dec. 703, 586 N.E.2d 661, 668 (1991) in support of that interpretation.

The Individual Defendants, on the other hand, take the position that the last sentence of the third paragraph of Section 8.60 applies only to the vote referenced in paragraphs (b)(1) and (b)(2) so that, in a proceeding contesting validity, the burden of proving fairness of the transaction will be on the interested director unless the transaction is authorized, approved or ratified by a majority of disinterested directors. Individual Defendants cite *Forkin v. Cole,* 192 Ill.App.3d 409, 139 Ill.Dec. 410, 548 N.E.2d 795 (1989) in support of its position as well as the Official Comments to Section 8.60.

■ Because this claim arises under Illinois law, this Court must resolve the issue as the Illinois Supreme Court would·*if it were* faced with the identical situation. *National Fire & Casualty Co. v. West,* 107 F.3d 531, 534 (7th Cir.1997). In this regard says the Seventh Circuit, due regard is given other Illinois courts. *Estate of Bowgren v. Commissioner,* 105 F.3d 1156 (7th Cir.1997).

The Supreme Court of Illinois has not had occasion to tackle this problem since the enactment of Section 8.60. An extensive discussion of whether the case cited by Plaintiff and the case cited by the Defendants support each party's position is not necessary except to say that each case may be construed either way since the courts in neither case dealt directly with the issue that faces us.

■ In a case such as this, where the plain reading of the statute is patently unclear or ambiguous (as is more fully described later in this opinion), resort to the Official Comments of Section 8.60 is appropriate. As pointed out by the Individual Defendants, and ignored by the Plaintiff's briefs, the Official Comments clearly and unambiguously interpret Section 8.60 as allowing conflicted directors to vote on their own transactions. The pertinent comments showing that conflicted directors may vote are as follows:

Section 8.60 states that if a transaction is fair to the corporation at the time it is authorized, approved or ratified, the transaction is *not* void or voidable solely because *the directors approving it have a conflict of interest, or because an interested director is present or participates in the meeting or because his vote counted for that purpose.* (Emphasis added).

---

**1.** Sobek contends that the Individual Defendants cannot establish that the transaction proposed in the September 19, 1996 Resolution was fair to Rovanco. Because Sobek acknowledges, however, that a determination of the fairness of this transaction presents a question of fact, he does not raise it in this Motion for Partial Summary Judgment.

The Official Comments discuss the last sentence of Section 8.60 in the context of the burden shifting requirements:

> However, the person or persons asserting fairness (i.e., the interested director or directors) have the burden of proving that the transaction was fair to the corporation, *unless certain requirements are met.* In order to avoid the burden of proof being placed on the person or persons asserting fairness, there must have been (a) full disclosure of the material facts of the transaction and the director's interest therein to the approving board, committee of the board of shareholders, and (b) approval of the transaction by either the disinterested members of the board, or committee, or by shareholders, without, however, counting the vote of any shareholder who is an interested director. Interested directors may be present and their presence may be counted to establish a quorum but their votes may not be counted for action on the transaction. (Emphasis added).

Furthermore, the Official Comments note that "the provisions of this section are similar to those in Section 41 of the existing Model Act and Section 144 of the Delaware Act." Delaware Courts have denied summary judgment because evidence regarding fairness was required. *Boyer v. Wilmington Materials, Inc.,* 1997 WL 382979 (Del.Ch.1997); *Weinberger v. U.O.P.,* 457 A.2d 701 (1983).

The interpretation urged by Plaintiff does not make practical sense. In the real world, corporations often have dealings, fair to the corporation, with interested directors. Voiding the vote of interested directors would unnecessarily inhibit otherwise fair transactions without any common sense reason. Corporations with few directors might, in some cases, have difficulty in operating. The section makes most sense when it is interpreted as shifting the burden of proof to the director who voted on his own transaction. The real issue in this type of transaction is whether it was fair and who has to prove it was fair. This interpretation is consistent with an Illinois Supreme Court decision rendered prior to the enactment of Section 8.60. *Shlensky v. South Parkway Building Corp.,* 19 Ill.2d 268, 166 N.E.2d 793, 800–01 (1960).

■ Therefore, this Court resolves the ambiguity in the statute in favor of holding that interested directors may vote on their own transactions—but in a proceeding contesting fairness the interested director, under the stated circumstances, has the burden of proof of fairness.

This opinion by this Court, does not, however, end the discussion. On August 15, 1997, the Illinois legislature amended Section 8.60 by Public Act 90–0421, "An act concerning business" ("the Act"). The Act, effective as of January 1, 1998, makes various changes in the Business Corporation Act, including a provision which deletes the language upon which Plaintiff's motion is predicated. Thus, as of January 1, 1998, there is no question but that interested directors may vote on their own transactions, subject to the burden shifting in a fairness hearing.

It is of course clear that the amendment does not apply to the transactions in this case all of which occurred prior to the effective date of the Act. But does this amendment signal a change in the law or merely a clarification of an ambiguity in the law? The Illinois Supreme Court supplied the rules as to the effect of a deletion of language in an amendatory act in *O'Connor v. A & P Enterprises,* 81 Ill.2d 260, 41 Ill.Dec. 782, 408 N.E.2d 204 (1980):

> "A material change in a statute made by an amendatory act is presumed to change the original statutes. (Citations omitted). However, the circumstances surrounding the enactment must be considered. If they indicate the legislature intended to interpret the original act, the presumption of change will be rebutted. An amendment of an unambiguous statute indicates a purpose to change the law, while no such purpose is indicated by the mere fact of an amendment of an ambiguous provision. (Citations omitted). This Court has held that a subsequent amendment is an appropriate source of discerning legislative intent ..." 81 Ill.2d at 271–73, 41 Ill.Dec. at 787, 408 N.E.2d at 209.

■ This Court starts its analysis with the presumption that the amendment changed existing law. The question is, do the circum-

stances surrounding the enactment overcome that presumption?

As earlier stated, this statute, prior to the amendment, is ambiguous. Plaintiff argues effectively that the last paragraph of Section 8.60 is a provision divorced from the burden shifting and should be read as a substantive subsection. Defendants, also logically, read the language as being concerned with burden shifting in fairness hearings. Each side has cited cases in support of their position but, as stated previously, none decided since Section 8.60 was enacted, decide the issue directly.

It is the position of the language within Section 8.60 which causes the ambiguity. If the language were placed at the end of subsection (a), it would support Plaintiff's position. If labeled as subsection (c), it would support Plaintiff's position. If placed at the end of subsection (b)(1), it would support Defendants' position. As it is, hanging out there alone, the paragraph is ambiguous. Although this Court, relying primarily on the Official Comments, has found itself able to decide the issue, as set out earlier in this opinion, the statute remained ambiguous.

The Individual Defendants suggest that the Illinois legislature's decision to delete the language at issue may have been prompted by Professor Murdock's treatise on Illinois corporation law, 7 CHARLES W. MURDOCK, ILLINOIS PRACTICE, BUSINESS ORGANIZATIONS, Sec. 11.12 (West 1996), at 14.3, Sec. 14.4, in which Professor Murdock points out the difficulties in interpretation of Section 8.60 and recommends the deletion of the very language which the legislature then deleted. Although this treatise is well known and authoritative, this Court would merely be speculating if it assumed that the legislature was moved to act because of it. Neither party was able to provide any legislative history of this amendatory act and this Court has independently been unable to obtain any significant legislative history of this enactment. Therefore, although it is possible, we do not know whether Professor Murdock's suggested clarification change was the motivation for the amendatory act. But as a matter of logic, however, the absence of a legislative history might very well imply that the enactment was for the purpose of clarification, since the opposite would be considered a major change in corporate law which would no doubt have produced comment by legislators (and the corporate bar).

Therefore, this Court holds that the presumption that the new enactment is a change in law has been overcome and that the deletion of the language clarified the previous ambiguity so that it has now become crystal clear that interested directors may have voted on their own transactions even prior to the amendatory act. This interpretation is consistent with this Court's resolution of the ambiguity earlier in this opinion.

Therefore, Plaintiff's Motion for Summary Judgment, which is based on an assumption that the law prohibited Individual Defendants from voting on the resolutions in issue, is denied.[2]

---

2. In view of its holding, this Court does not need to reach Defendants' argument that Plaintiff is barred from the relief he seeks by reason of the

"unclear hands" doctrine, and therefore, the Court does not comment on this argument.