2005 ND 113

In the Matter of the ESTATE OF Earl
R. LITTLEJOHN, Deceased.

Barbara Tanke, Lowen Littlejohn, and
Russell Littlejohn, heirs of Earl R.
Littlejohn, Deceased, Appellants

v.

Becky J. Domier, Personal Representa-
tive of the Estate of Earl R. Little-
john, Deceased, Appellee.

No. 20040326.

Supreme Court of North Dakota.

June 22, 2005.

Lawrence D. DuBois (argued) and Neil W. Fleming (on brief), Fleming, DuBois & Fleming, PLLP, Cavalier, N.D., for appellants.

Steven C. Ekman, Welch and Ekman, Grafton, N.D., for appellee.

KAPSNER, Justice.

[¶ 1] Barbara Tanke, Lowen Littlejohn, and Russell Littlejohn ("Appellants") appealed from orders in the supervised administration of the estate of their father, Earl Littlejohn. We conclude a power of attorney executed by Earl Littlejohn's father, Raymond Littlejohn, authorized Raymond Littlejohn's attorneys in fact to convey a life estate in his land to Earl Littlejohn, and we affirm.

I

[¶ 2] In 1988, Raymond Littlejohn executed a power of attorney that appointed his sons, Keith, Earl, and Duane Littlejohn, as his attorneys in fact. On July 16, 1990, and on February 4, 1991, the attorneys in fact executed deeds transferring a life estate in two separate quarters of land to Earl Littlejohn, with the remainder to Earl Littlejohn's six children as joint tenants. Those deeds were recorded on July 30, 1990, and on February 5, 1991, respectively. Raymond Littlejohn died on February 5, 1991. The Internal Revenue Service disregarded those conveyances as gifts and included the value of the land in Raymond Littlejohn's estate for tax purposes. In 1995, Raymond Littlejohn's personal representative prepared deeds of distribution for all of Raymond Littlejohn's "right, title and interest" in the two quarters of land to Earl Littlejohn as grantee, and the deeds were delivered to Earl Littlejohn, but were not recorded.

[¶ 3] Earl Littlejohn died on August 3, 2000. His will appointed his daughter, Becky Domier, as personal representative, and devised his property to his six children. In the subsequent supervised administration of his estate, the Appellants, three of Earl Littlejohn's children, object-

ed in November 2001, to the personal representative's inventory, which did not include the two quarters of land in Earl Littlejohn's estate. The three children claimed Earl Littlejohn owned the two quarters of land when he died and that land should be included in his estate and distributed under a residuary clause in his will.

[¶ 4] The trial court granted the personal representative's motion for summary judgment, concluding the Appellants' claim was barred by a ten-year statute of limitations and the transfers by Raymond Littlejohn's attorneys in fact under the power of attorney were authorized. The court noted a transfer disregarded under the federal estate tax for purposes of determining the gross estate is not an invalid transfer under state law. The court concluded the two quarters of land were not part of Earl Littlejohn's estate subject to distribution under his will. The court ultimately ordered settlement and distribution of Earl Littlejohn's estate.

## II

[¶ 5] On appeal, the dispositive issue is whether Raymond Littlejohn's power of attorney authorized his attorneys in fact to convey his real property. The trial court decided that issue by summary judgment, which is a procedure for the prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, and if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving disputed facts would not alter the result. *Grinnell Mut. Reinsurance Co. v. Lynne*, 2004 ND 166, ¶ 9, 686 N.W.2d 118. If the issues in a case are such that resolution of factual disputes will not alter the result, summary judgment is appropriate

under the law. *Id.* We review appeals from summary judgment de novo. *Id.*

[¶ 6] The Appellants argue, absent specific language in the power of attorney allowing Raymond Littlejohn's attorneys in fact to convey his real property, they lacked that power. The appellants argue the deeds executed under the power of attorney failed to transfer any of Raymond Littlejohn's interest in the two quarters of land to Earl Littlejohn, and the deed executed by Raymond Littlejohn's personal representative in 1995 transferred Raymond Littlejohn's entire interest in the property to Earl Littlejohn. The appellants thus claim the two quarters of land should have been distributed under Earl Littlejohn's will. The personal representative responds Raymond Littlejohn's power of attorney authorized his attorneys in fact to convey his real property.

[¶ 7] A power of attorney is an instrument in writing authorizing another to act as one's agent, and the agent holding the power of attorney is the attorney in fact. *Matter of Estate of Mehus*, 278 N.W.2d 625, 629 (N.D.1979). Because a power of attorney creates an agency relationship, agency principles are applicable in determining the authority and duties of the attorney in fact. *Id.* An agency relationship involves both a contractual and a fiduciary relationship, and the interpretation of an agent's authority is governed by the rules for construing contracts, except to the extent the fiduciary relationship requires a different rule. *Burlington N. and Sante Fe Ry. Co. v. Burlington Res. Oil and Gas Co.*, 1999 ND 39, ¶ 15, 590 N.W.2d 433. We construe contractual agreements to give effect to the parties' intent, which, if possible, must be ascertained from the writing as a whole. *Id.* at ¶ 22. The clear and explicit language of a contract governs its interpretation and words are construed in their ordinary

sense. *Id.* The interpretation of a written contract is a question of law. *Meide v. Stenehjem ex rel. State,* 2002 ND 128, ¶ 7, 649 N.W.2d 532. If the parties' intent can be ascertained from the agreement alone, the interpretation of the contract is a question of law. *Id.*

[¶ 8] Raymond Littlejohn's power of attorney designated his sons as his attorneys in fact and authorized them:

> To handle all my affairs, including, but not limited to, the leasing and management of all my property, real and personal wherever located; to collect all my income; to pay all my just debts and expenses; to cash all my checks and make deposits on my behalf; and to sign and file income tax returns; and do whatever else may be necessary and proper in the management of my affairs.
> . . . .
> That I grant and give unto my said Attorneys full authority to do and perform all and every act or thing which may be requisite or necessary to be done in the premises, as fully, to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said Attorneys shall lawfully do or cause to be done by virture [sic] of this instrument.

[¶ 9] The plain language of Raymond Littlejohn's power of attorney is broad and provides no limitations on the authority of the attorneys in fact to handle all of his affairs. The power of attorney authorized Raymond Littlejohn's attorneys in fact to "handle all my affairs, including, but not limited to, the leasing and management of all my property, real and personal wherever located ... [and] do whatever else may be necessary and proper in the management of my affairs." The words "includes, but are not limited to" ordinarily includes a partial and non-exclusive list. *See Hilton v. North Dakota Educ. Ass'n,* 2002 ND 209, ¶ 12, 655 N.W.2d 60; *Americana Healthcare v. North Dakota Dep't of Human Servs.,* 510 N.W.2d 592, 594 (N.D. 1994). Moreover, Raymond Littlejohn's power of attorney granted his attorneys in fact "full authority to do and perform all and every act or thing which may be requisite or necessary to be done in the premises, as fully, to all intents and purposes as I might or could do if personally present." Although federal law determines federal estate tax liability, state law determines the extent of a decedent's interest in property. *See Estate of Bowgren v. C.I.R.,* 105 F.3d 1156, 1161 (7th Cir.1997). We conclude the broad language in Raymond Littlejohn's power of attorney authorized his attorneys in fact to convey his real estate.

[¶ 10] The Appellants' reliance on language in North Dakota Title Standards (2003), Standard 2–11 that a "power of attorney must include in its grant of authority the power to sell or convey if a deed is being executed" is misplaced. The title standards are intended to guide title examiners to eliminate technical objections which do not constitute actual defects in title. *See* North Dakota Title Standards, Introductory Materials. The title standards do not limit a principal's ability to create an agency. Moreover, the title standards also provide that a "general authority to convey shall grant to the attorney in fact named in the power of attorney authority to convey any interest the principal has in any property." North Dakota Title Standards (2003), Standard 2–14. Raymond Littlejohn's power of attorney granted his attorneys in fact broad and general authority to handle all of his affairs, which includes the power to convey his real property.

[¶ 11] The Appellant's reliance on N.D.C.C. ch. 59–05 to prohibit Raymond Littlejohn's attorneys in fact from convey-

ing his real property is also misplaced. Section 59–05–03, N.D.C.C., specifically provides "[t]he provisions of this chapter shall not extend to a simple power of attorney to convey real property in the name of the owner and for the owner's benefit." That statute specially excludes a "power of attorney to convey real property" from the provisions of N.D.C.C. ch. 59–05.

[¶ 12] Because the attorneys in fact had transferred only a life estate in the two quarters to Earl Littlejohn, and his six children held the remainder interest, the two quarters were not part of Earl Littlejohn's probate estate, or subject to the residuary clause in his will.

[¶ 13] Because we conclude Raymond Littlejohn's attorneys in fact were authorized to convey his interest in the two quarters of land, we need not address the Appellants' arguments about the statute of limitations.

### III

[¶ 14] We affirm the orders.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.